IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD G. ORRIS,**  CASE NO. 2:05-cv-309; 2:05-cv-468
  CRIM. NO. 2:01-cr-00038
  JUDGE SMITH
  **Petitioner,**  MAGISTRATE JUDGE KEMP

v.

**UNITED STATES OF AMERICA,**

  **Respondent.**

## ORDER

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. In this federal habeas corpus petition, petitioner asserts, *inter alia*, that he was denied the effective assistance of counsel. Respondent has filed a request to hold this case in abeyance pending petitioner's written submission of his waiver of his attorney-client privilege so that respondent can obtain an affidavit from defense counsel in order to respond to petitioner's allegations. Doc. No. 88. Petitioner objects to respondent's request. Doc. No. 90.

Because petitioner asserts in this federal habeas corpus petition that he was denied the effective assistance of counsel, he has implicitly waived his attorney-client privilege as it relates to such claim. *See In re Lott*, 424 F.3d 446, 452-454 (6th Cir. 2005).

> [I]n the habeas context, courts have found implied waiver of [the attorney-client privilege] when the petitioner "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir.2001). The implied waiver in habeas proceedings has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at

> issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."); *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir.2003); *see also Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").
>
> \*\*\*
>
> To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991).

*Id.*; *see also Mason v. Mitchell*, 293 F.Supp.2d 819, 823-24 (N.D. Ohio 2003).

Respondent's request to hold this case in abeyance pending petitioner's written submission of his attorney-client privilege therefore is **GRANTED**. Petitioner is **DIRECTED** to submit a written waiver of his attorney-client privilege as it pertains to the allegations raised herein within ten (10) days of the date of this order. Failure to do so may result in dismissal of petitioner's ineffective assistance of counsel claims. Petitioner's requests for judgment of default or for the imposition of sanctions against the government, Doc. Nos. 89, 90, are **DENIED**.

    **IT IS SO ORDERED**.

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge