IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD ORRIS,**

        **Petitioner,**                  **CASE NO. 2:16-CV-00582**
                                               **CRIM. NO. 2:01-CR-00038**
       **v.**                                    **JUDGE GEORGE C. SMITH**
                                               **Magistrate Judge Deavers**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION AND ORDER**

Petitioner brings the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 110). This matter is before the Court on the § 2255 motion, Respondent's Response, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 110) is **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

This case involves Petitioner's November 2001 convictions after a jury trial on violating the Hobbs Act, 18 U.S.C. § 1951, aiding and abetting the use, carrying, and brandishing of a short-barreled shotgun during, and in relation to, a crime of violence, 18 U.S.C. § 924(c), and possession of a firearm by a career criminal, in violation of 18 U.S.C. §§ 924(g), 924(e). At the Sentencing Hearing on March 12, 2002, the Court imposed a total sentence of 447 months in prison to be followed by three years supervised release. (ECF No. 62). On January 8, 2004, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States v. Orris*, 86 Fed.Appx. 82, unpublished, 2004 WL 68534 (6th Cir. Jan. 8, 2004). On April 6, 2004, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. (ECF No. 73).

On June 8, 2004, this Court denied Petitioner's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 76). On April 1, 2005, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 81). On August 14, 2006, the Court dismissed that action. (ECF No. 101).

On June 17, 2016, the United States Court of Appeals for the Sixth Circuit granted Petitioner's request for authorization for filing a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 challenging his conviction as an armed career offender in view of *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the residual clause of clause of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act to be unconstitutionally vague). (ECF No. 108).

On June 23, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 110). Petitioner asserts that, in view of *Johnson* the Court improperly sentenced him as an armed career criminal, because he no longer has three qualifying prior convictions under the Armed Career Criminal Act, and his sentence is constitutionally invalid.

The United States agrees that Petitioner's § 2255 motion has merit and he is entitled to relief as to his sentence on Count Three, *i.e.*, his conviction under 18 U.S.C. § 922(g). As to that conviction, it is the Respondent's position that Petitioner's sentence may not exceed a term of 120 months. Respondent submits, however, that the Court need not conduct a re-sentencing hearing, but in view of the nature of the offense and the Petitioner's lengthy criminal history, should leave Petitioner's sentences on Counts One and Two unchanged, and simply reduce Petitioner's sentence on Count Three to 120 months in prison or time served. The Court imposed a sentence of 240 months on Count One followed by 120 months on Count Two, such sentences to run consecutive to each other. (ECF No. 62).

However, according to Petitioner, to do so would result in a 170 month variance from Petitioner's new recommended sentence of 70-87 months imprisonment on Count One under the United States Sentencing Guidelines.

Therefore, because the Respondent does not dispute that Petitioner is entitled to relief, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 110) is **GRANTED**.

The probation office is **DIRECTED** to prepare an addendum to the PreSentence Investigation Report calculating Petitioner's recommended sentence under the United States Sentencing Guidelines without his status as an armed career criminal and including any relevant post-conviction conduct.  Upon receipt of the addendum, counsel are encouraged to discuss this matter and attempt to resolve any outstanding issues.  This case will be scheduled for a re-sentencing hearing and the parties will be given the opportunity to submit sentencing memoranda.

Petitioner has also filed a Motion to Expedite Disposition, ECF No. 115.  The Court is taking those arguments into consideration and has already requested the probation officer begin the addendum.  Therefore, Petitioner's Motion to Expedite Disposition is **DENIED** as moot.

The Clerk of this Court shall remove ECF Nos. 110 and 115 from the Court's pending motions list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**